UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

       Plaintiff,

                                      File No: 1:08-CR-45

v.

                                      HON. ROBERT J. JONKER

SANTOS RECARDO ALVAREZ,

       Defendant.

_____/

**ORDER AND JUDGMENT APPROVING REPORT AND**
**RECOMMENDATION AND DENYING MOTION FOR BAIL**

       The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action (docket # 5), and the transcript of the plea hearing.  The Report and Recommendation was served on the parties, and no objection has been filed within the time required by law.  Based on this, and on the Court's review of the transcript and all matters of record, IT IS ORDERED that:

       1.      The Report and Recommendation of the Magistrate Judge (docket # 5) is approved and adopted as the Opinion and Findings of this Court.

       2.      Defendant Santos Recardo Alvarez's plea of guilty to the Felony Information is accepted.  Defendant Santos Recardo Alvarez is adjudicated guilty.

       3.      A decision of whether to accept the written plea agreement will be made at the time of sentencing after the Court has had the opportunity to review the Presentence Investigation Report.  See U.S.S.G. Ch. 6.

4.     Defendant's Motion to Set Bail (docket # 12) is **DENIED**.  Under 18 U.S.C.
§ 3143(a)(2), a person convicted of a controlled substance offense carrying a maximum penalty of
imprisonment of ten years or more must be detained pending sentence.  The statutory exceptions to
this rule are narrow and do not apply here.  *Id.*  In particular, there is no likelihood of a motion for
acquittal or new trial because the conviction was based on a guilty plea; 18 U.S.C.
§ 3143(a)(2)(A)(i); and the government has not recommended that "no sentence of imprisonment
be imposed." 18 U.S.C. § 3143(a)(2)(A)(ii).  Accordingly, the Court has no authority to authorize
pre-sentence release for the defendant at this stage of the proceeding.[1]


Dated:      April 1, 2008                          /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE

---

[1] The Court further notes that Defendant voluntarily surrendered himself to federal custody the day after his plea hearing before Magistrate Judge Brenneman over a month ago.  He did not at that time mention the medical issue now referenced in the motion for bail even though the condition pre-dated his plea.  Even if the statute permitted pre-sentence release in this matter, the record of his medical need would require considerably more development before it could serve as a basis for release.